UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

In re:                                          :       CASE NO.: 15-12092-JKO
                                                :
EDMUNDO GONZALEZ AND                            :       CHAPTER 7
ELSA GONZALEZ                                   :
    Debtors.                                :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Scott Brown, (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

### Underlying facts and circumstances of this case

1. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 3, 2015 (the "***Petition Date***").

2. Scott Brown is the duly appointed Chapter 7 Trustee.

3. The Trustee discovered that as of the Petition Date, the Debtors were currently pursuing two (2) personal injury claims, which are identified on Amended Schedule B, Item #21 as follows:

   a.) Debtor Husband injured while working when he fell from a second floor. Occurred June 2014. Attorney contacted. Attorney Name: Mario Serralta, Esq. Value "Unknown." (the "***Husband's PI Claim***").

   b.) Debtor Wife had a slip and fall inside a Babies "R" Us Store. Incident occurred September 2013. Attorney Name: Ricardo Corona, Esq. Value "Unknown." (the "***Wife's PI Claim***").

4. The Trustee has asserted the Estate's interest in the Husband's PI Claim and the Wife's PI Claim.

5. At the 2004 Examination of the Debtors, the Trustee discovered that as of the Petition Date, the Debtors held at least $4,000.00 in cash on hand at their home (versus $30.00 listed on Schedule B, Item #1), which cash was not claimed by the Debtors as exempt, and the Trustee has asserted the Estate's interest in the undisclosed cash (hereinafter the "***Property***").

6. The Debtors deny and/or dispute some of the allegations noted above.

7. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

## The actual provisions of the proposed settlement

8. Notwithstanding the scheduled values, the Trustee and the Debtors agree that the Petition Date fair market value of the Debtors' non-exempt interest in the Property is $4,000.00.

9. Accordingly, the Debtors agree to pay to the Trustee, and the Trustee agrees to accept, the total sum of $4,000.00 in cleared funds (the "***Settlement Amount***"), to be paid in eight (8) equal monthly payments of $500.00 to be made on the 15th day of each month starting on May 15, 2015 and ending on December 15, 2015. The Settlement Amount will be allocated to the undisclosed cash on hand which the Debtors held on the Petition Date.

10. The payments will be by cashier's check or money orders made payable to the order of Scott Brown, Trustee and mailed to the Trustee's office at: One SE Third Ave., Suite 1440, Miami, FL 33131. Each cashier's check or money order should clearly state the name of the Debtors and the case number.

11. As part of this Settlement, the Debtors agree that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

12. As part of this Settlement, the Debtors waive any and all claimed exemptions as to the Husband's PI Claim and the Wife's PI Claim (as listed by the Debtors on Amended Schedule B, Item #21). Both pending personal injury claims are property of the Estate, and any proceeds of the claims shall belong solely to the Trustee.

13. The Debtor agrees and acknowledges that the sale of the Estate's right, title and interest, if any, in the Property is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances and interests, whether known or unknown.

14. As a material inducement to the Trustee's entry into this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

15. If the Debtors fail to timely make any of the payments described in paragraph 9, then after ten (10) days written notice emailed or mailed to the Debtors and the Debtors' counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge without any objections from the Debtors.

16. In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the

Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the discharge will not be revoked without a hearing.

### DISCUSSION OF THE LEGAL STANDARDS FOR APPROVAL OF SETTLEMENTS AS OUTLINED *IN RE Justice Oaks II, Ltd*, 898 F.2d 1522, 1549 (11th Cir.) *cert denied*, 498 U.S. 959 (1990)

#### Factor #1 "The probability of success in litigation"

The Trustee discovered that as of the Petition Date, the Debtors were currently pursuing two (2) personal injury claims, which are identified on Amended Schedule B, Item #21 as follows:

    a. Debtor Husband injured while working when he fell from a second floor. Occurred June 2014. Attorney contacted. Attorney Name: Mario Serralta, Esq. Value "Unknown." (the "***Husband's PI Claim***").

    b. Debtor Wife had a slip and fall inside a Babies "R" Us Store. Incident occurred September 2013. Attorney Name: Ricardo Corona, Esq. Value "Unknown." (the "***Wife's PI Claim***").

The essential facts concerning these assets are not in dispute. Therefore, the Trustee believes that there is a high probability of success if he were to seek turnover of the Cash, the bank account balances, and the tax refund, and to liquidate the Debtor's other non-exempt assets. Although the Trustee believes that the probability of success in litigation in this case is very high, there are always risks in any litigation. The Trustee has minimized these litigation risks by proposing a settlement of $4,000.00 (plus the Debtors' waiver of any interest in the Personal Injury Claims) which is very close to the amount that would be at issue in the litigation. The proposed settlement ensures that the estate will receive $4,000.00 (plus the Debtors' waiver of any interest in the Personal Injury Claims) and eliminates all the potential risks of litigation.

### Factor #2 "The difficulties, if any, to be encountered in the matter of collection"

The Trustee argues that getting $4,000.00 in cleared funds from most Debtors is not a simple task. If the proposed settlement is not approved, the Trustee cannot provided any assurances to the unsecured creditor body that the estate will be able to collect $4,000.00 (plus the Debtors' waiver of any interest in the Personal Injury Claims) from the Debtors in cleared funds as contemplated by the settlement. The proposed settlement moots out any collection difficulties because the Debtors are providing the assurance (by placing their discharge at risk) that the $4,000.00 (plus the Debtors' waiver of any interest in the Personal Injury Claims) will be paid to the estate.

### Factor #3 "The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it"

The underlying facts in this case are not in dispute. However, if this settlement is not approved and the estate has to litigate against the Debtors, there would be additional expenses, inconvenience and delay necessarily attending it. The Trustee argues that if this settlement is not approved, the estate would have to file multiple motions, and incur other costs related to liquidation. This would result in further litigation and the additional expense, inconvenience and delay necessarily attending it. In addition, the Trustee argues that it appears that there would be no monetary net gain to the creditors even if the Trustee were to win because the estate will be getting very close to the amount that is at issue in this matter.

### Factor #4 "The paramount interest of the creditors and proper deference to their reasonable views in the premises"

The Trustee argues that the proposed settlement is in the best interest of all the unsecured creditors based on the facts and circumstances of this case. As noted herein, the Trustee discovered during the Rule 2004 examination of the Debtor that as of the Petition Date, the

Debtors were currently pursuing two (2) personal injury claims, which are identified on Amended Schedule B, Item #21 as follows:

    a. Debtor Husband injured while working when he fell from a second floor. Occurred June 2014. Attorney contacted. Attorney Name: Mario Serralta, Esq. Value "Unknown." (the "***Husband's PI Claim***").

    b. Debtor Wife had a slip and fall inside a Babies "R" Us Store. Incident occurred September 2013. Attorney Name: Ricardo Corona, Esq. Value "Unknown." (the "***Wife's PI Claim***").

The proposed settlement will bring in $4,000.00 (plus the Debtors' waiver of any interest in the Personal Injury Claims) into the estate. If this settlement is not approved, the unsecured creditors could end up with substantially less of a distribution than they are scheduled to receive if the settlement is approved. Therefore, the Trustee argues that the paramount interest of the creditors would be best served if this settlement is approved as requested.

### Conclusion

Based on the standards established by *Justice Oaks II* and the specific facts and circumstances of this case, the Trustee argues that $4,000.00 (plus the Debtors' waiver of any interest in the Personal Injury Claims) would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

Case No.: 15-12092-JKO

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 5 day of May, 2015.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

7

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

In re:                                         :       CASE NO.: 15-12092-JKO
                                               :
EDMUNDO GONZALEZ AND                           :       CHAPTER 7
ELSA GONZALEZ                                  :
    Debtors.                                   :
_____/

## STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation is entered into between Scott Brown (the "*Trustee*"), and Edmundo & Elsa Gonzalez (the "*Debtors*"), on this 20th day of April, 2015.

WHEREAS, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 3, 2015 (the "*Petition Date*") and Scott Brown is the duly appointed Chapter 7 Trustee;

WHEREAS, the Trustee discovered that as of the Petition Date, the Debtors were currently pursuing two (2) personal injury claims, which are identified on Amended Schedule B, Item #21 as follows:

> a.) Debtor Husband injured while working when he fell from a second floor. Occurred June 2014. Attorney contacted. Attorney Name: Mario Serralta, Esq. Value "Unknown." (the "*Husband's PI Claim*").
>
> b.) Debtor Wife had a slip and fall inside a Babies "R" Us Store. Incident occurred September 2013. Attorney Name: Ricardo Corona, Esq. Value "Unknown." (the "*Wife's PI Claim*").

WHEREAS, the Trustee has asserted the Estate's interest in the Husband's PI Claim and the Wife's PI Claim;

WHEREAS, at the 2004 Examination of the Debtors, the Trustee discovered that as of the Petition Date, the Debtors held at least $4,000.00 in cash on hand at their home (versus $30.00 listed on Schedule B, Item #1), which cash was not claimed by the Debtors as exempt,



EG  EG

and the Trustee has asserted the Estate's interest in the undisclosed cash (hereinafter the "*Property*");

WHEREAS, the Debtors deny and/or dispute some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. Notwithstanding the scheduled values, the Trustee and the Debtors agree that the Petition Date fair market value of the Debtors' non-exempt interest in the Property is $4,000.00.

2. Accordingly, the Debtors agree to pay to the Trustee, and the Trustee agrees to accept, the total sum of $4,000.00 in cleared funds (the "*Settlement Amount*"), to be paid in eith (8) equal monthly payments of $500.00 to be made on the 15th day of each month starting on May 15, 2015 and ending on December 15, 2015. The Settlement Amount will be allocated to the undisclosed cash on hand which the Debtors held on the Petition Date.

3. The payments will be by cashier's check or money orders made payable to the order of Scott Brown, Trustee and mailed to the Trustee's office at: One SE Third Ave., Suite 1440, Miami, FL 33131. Each cashier's check or money order should clearly state the name of the Debtors and the case number.

4. As part of this Settlement, the Debtors agree that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this

Settlement is approved before such deadline expires.

5. As part of this Settlement, the Debtors waive any and all claimed exemptions as to the Husband's PI Claim and the Wife's PI Claim (as listed by the Debtors on Amended Schedule B, Item #21). Both pending personal injury claims are property of the Estate, and any proceeds of the claims shall belong solely to the Trustee.

6. The Debtor agrees and acknowledges that the sale of the Estate's right, title and interest, if any, in the Property is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances and interests, whether known or unknown.

7. As a material inducement to the Trustee's entry into this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

8. If the Debtors fail to timely make any of the payments described in paragraph 2, then after ten (10) days written notice emailed or mailed to the Debtors and the Debtors' counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge without any objections from the Debtors.

9. In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the

Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the discharge will not be revoked without a hearing.

10. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

11. The Trustee has accepted this settlement subject to this Court's approval.

12. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

13. Time is of the essence as to all deadlines within this stipulation.

*[Remainder of Page Intentionally Left Blank]*

4

14. This agreement represents the full and complete understanding of the parties.

15. This agreement may be signed in counterparts.

16. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____  4/23/15
EDMUNDO GONZALEZ                 DATE
DEBTOR

_____  4/23/15
ELSA GONZALEZ                    DATE
DEBTOR

_____  5/4/15
SCOTT BROWN                      DATE
TRUSTEE

_____  4/28/15
ROBERT SANCHEZ, ESQ.             DATE
DEBTOR'S ATTORNEY

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE, DIVISION)

In re:                                                     :             CASE NO.: 15-12092-JKO
                                                        :
EDMUNDO GONZALEZ AND       :             CHAPTER 7
ELSA GONZALEZ                         :
      Debtors.                                :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.       The Motion is **GRANTED** and the settlement is **APPROVED**.


EXHIBIT 2

2. Notwithstanding the scheduled values, the Trustee and the Debtors agree that the Petition Date fair market value of the Debtors' non-exempt interest in the Property is $4,000.00.

3. Accordingly, the Debtors agree to pay to the Trustee, and the Trustee agrees to accept, the total sum of $4,000.00 in cleared funds (the "*Settlement Amount*"), to be paid in eight (8) equal monthly payments of $500.00 to be made on the 15th day of each month starting on May 15, 2015 and ending on December 15, 2015. The Settlement Amount will be allocated to the undisclosed cash on hand which the Debtors held on the Petition Date.

4. The payments will be by cashier's checks or money orders made payable to the order of Scott Brown, Trustee and mailed to the Trustee's office at: One SE Third Ave., Suite 1440, Miami, FL 33131. Each cashier's check or money order should clearly state the name of the Debtors and the case number.

5. As part of this Settlement, the Debtors agree that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadline expires.

6. As part of this Settlement, the Debtors waive any and all claimed exemptions as to the Husband's PI Claim and the Wife's PI Claim (as listed by the Debtors on Amended Schedule B, Item #21). Both pending personal injury claims are property of the Estate, and any proceeds of the claims shall belong solely to the Trustee.

7. The Debtor agrees and acknowledges that the sale of the Estate's right, title and interest, if any, in the Property is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances and interests, whether known or unknown.

8. As a material inducement to the Trustee's entry into this Settlement, the Debtor

represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

9. If the Debtors fail to timely make any of the payments described in paragraph 2, then after ten (10) days written notice emailed or mailed to the Debtors and the Debtors' counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtors' bankruptcy discharge without any objections from the Debtors.

10. In the event that the Debtors fail to comply with all the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the discharge will not be revoked without a hearing.

11. The settlement proceeds of $4,000.00 are attributable to two personal injury claims.

12. The Court retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail: robert@rabankruptcy.com

Copies furnished to:
Robert A. Angueira, Esq.

*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*

Case No.: 15-12092-JKO

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 5 day of May, 2015, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 5 day of May, 2015, to:

- Robert A Angueira rangueir@bellsouth.net, susan@rabankruptcy.com; lillian@rabankruptcy.com; lisa@rabankruptcy.com

- Scott N Brown sbrown@bastamron.com, jarrechavala@bastamron.com; snbrown@ecf.epiqsystems.com; dtimpone@bastamron.com

- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

- Robert Sanchez court@bankruptcyclinic.com, courtECFmail@gmail.com

- ReShaundra M Suggs bkcmecf@cosplaw.com, tbougouneau@cosplaw.com

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

8



Case 15-12092-JKO

Deutsche Bank National Trust Company
Clarfield, Okon, Salomone & Pincus, P.L.
500 Australian South, Suite 730
West Palm Beach, FL 33401-6237

Accredited Home Lender
15253 Avenue Of Science
San Diego, CA 92128-3437

Amc Mortgage Services
2077 N Main St Ste 1050
Santa Ana, CA 92706

Amc Mortgage Services
Po Box 11000
Santa Ana, CA 92711-1000

Ars Account Resolution
1643 Harrison Pkwy Ste 1
Sunrise, FL 33323-2857

Beneficial Florida, Inc
1200 S Pine Island Road
Plantation, FL 33324-4413

Cr Syst Intr
P O Box 1088
Arlington, TX 76004-1088

Del Rio
12501 Nw 7th Ave
Miami, FL 33168-2619

Deutsche Bank National Trust Company
c/o Clarkfield, Okon, Salomone & Pincus
500 S Australian Avenue
Suite 730
West Palm Beach, FL 33401-6237

Gm Financial
Po Box 181145
Arlington, TX 76096-1145

Inphynet South Broward, Inc
POB 740022
Cincinnati, OH 45274-0022

Long Beach Acceptance
500 N State College Blvd
Orange, CA 92868-1604

Memorial Healthcare System
2900 Corporate Way
Miramar, FL 33025-3925

Memorial Hospital Miramar
3501 Johnson Street
Hollywood, FL 33021-5487

Meritech
2700 Airport Freeway
Fort Worth, TX 76111-2332

Ocwen Loan Servicing L
12650 Ingenuity Dr
Orlando, FL 32826-2703



Pathology Consultants of South Broward
POB 917920
Orlando, FL 32891-7920

Radiology Associates of Hollywood
9050 Pines Blvd #200
Pembroke Pines, FL 33024-6456

Regions Bank
8020 Pines Boulevard
Pembroke Pines, FL 33024-6708

Southwest Credit
4120 International Parkway
Suite 100
Carrollton, TX 75007-1958

Edmundo Gonzalez
2701 Island Drive
Miramar, FL 33023-4605

Elsa Gonzalez
2701 Island Drive
Miramar, FL 33023-4605

Martin Claire
7001 NW 84 Ave
Miami, FL 33166-2620





